ALFRED J. GRISWOLD, APPELLANT, v. EFFIE ROBINSON ET AL., APPELLEES.

FILED NOVEMBER 10, 1920.    No. 20957.

Appeal: FAILURE TO FILE ANSWER. Where an action is tried upon the theory that an answer and reply have been filed, the failure to file the answer is not alone ground for reversal.

APPEAL from the district court for Lancaster county: LEONARD A. FLANSBURG, JUDGE. *Affirmed as modified.*

*O. B. Clark,* for appellant.

*W. T. Stevens, contra.*

LETTON, J.

The purpose of this action is to obtain an injunction restraining defendants from trespassing upon certain property leased to the plaintiff by defendant, Effie Robinson, and from annoying plaintiff and his wife.

The facts are that Mrs. Robinson leased to plaintiff for one year a house and tract of land adjoining the residence in which Mrs. Robinson lived with her family. On the leased premises were situated a garage, well, and toilet. After plaintiff had taken possession of the premises the defendants insisted that, although the written lease made no reservation of these appurtenances, they were in fact reserved under an oral agreement which it was agreed was to be inserted in the lease after Mrs. Robinson recovered from

Griswold v. Robinson.

an attack of illness. Defendants continued to go upon the premises and use the appurtenances contrary to the express wishes of the plaintiff.

The district court found for defendants, and gave them affirmative relief by reforming the lease and enjoining the plaintiff from interfering with their access to and use of the toilet and well. It is contended by plaintiff that there was no justification for this decree since no answer was ever filed. The bill of exceptions shows that the case was tried as if an answer had been filed. It was stipulated by both parties "that the cause shall be tried and the pleadings made up as if the plaintiff had filed a reply to the defendant's answer, denying each and every allegation of new matter contained in said answer." It is not shown that the decree does not respond to the issues.

The evidence supports the decree as to the use of the well and toilet, and it is so far affirmed. It is shown that one of defendants pleaded guilty to disturbing the peace and threatening to injure plaintiff. This, with other evidence, convinces us that the plaintiff was entitled to an injunction restraining defendants from interfering with his quiet enjoyment of the garage, and from being annoyed and disturbed by the rude and boisterous language and conduct of the male defendants. So far the decree is reversed and such an injunction allowed to plaintiff.

The decree of the district court is modified accordingly, and it is adjudged that each party pay one half the costs in both courts.

AFFIRMED AS MODIFIED.

ALDRICH and FLANSBURG, JJ., not sitting.